## KIMMEL v. CAMPBELL.
### No. 9377.

United States Court of Appeals
District of Columbia.

Argued March 11, 1947.

Decided April 7, 1947.

Mr. John J. Wilson, of Washington, D. C., for appellant. Mr. Philip S. Peyser, of Washington, D. C., also entered an appearance for appellant.

Mr. Samuel Barker, of Washington, D. C., with whom Messrs. William R. Lichtenberg and Joseph Luria, both of Wash-ington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and CLARK and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Appellee Campbell sued appellant Kimmel for alienation of the affections of the former's wife and, upon trial before a jury, recovered judgment. This appeal followed.

Appellant presents fifteen points, six relating to action of the court in respect to evidence, and nine relating to various actions on the part of the court alleged to have indicated prejudice.

Appellant stresses as his principal point the refusal of the court to admit in evidence a letter written by him and likewise offered by him. It was offered on the theory that it was an explanation of his conduct and his attitude toward the appellee. His counsel argues that it is part of the res gestae, which he says was the intention, or state of mind, of the appellant. We think the letter was clearly a self-serving declaration and, as such, inadmissible. We have carefully examined the other assignments of error in respect to the admissibility of testimony and have read the excerpts from the record cited to us. The court permitted the widest latitude in the taking of testimony and in the argument. The events involved in the trial covered a period from the spring of 1938 to the fall of 1942. Appellant testified in his own behalf and adduced fifteen other witnesses. The trial consumed several weeks' time. We do not find that the actions of the court were inconsistent with substantial justice or that the errors or defects, if there were any, affected the substantial rights of the appellant.

We have also examined the claims that the trial court exhibited a prejudicial attitude toward the plaintiff. Most of these incidents occurred at the bench. It is true that the court indicated at the bench, out of the hearing of the jury, that it was not impressed with the appellant's side of the case, but that attitude does not seem to have been reflected in any statements to

the jury. None of the three instances in which appellant says prejudice was indicated within the hearing of the jury, appears to have been substantial. They are all phrases which occurred in the course of long colloquys and are overemphasized by counsel, it seems to us, by separation from the context.

■ The only claim of error in the charge of the court to the jury is that the court told the jury that under an allegation of alienation of affections, plaintiff could prove criminal conversation without specifically alleging it in the complaint. This comment by the court was caused by an argument to the jury by counsel for the appellant, in which counsel made a point of the fact that the original complaint did not charge criminal conversation and that this charge had been added later by amendment. We find nothing erroneous in the comment of the court.

We cannot find any error in this record which would justify setting aside the verdict of the jury.

Affirmed.